UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-60153-CIV-COHN

DONNA HICKENBOTTOM and
PRIVATE ATTORNEY GENERAL
ANTHONY WILLIAMS,
United States Office of the
Private Attorney General,
People of Florida,

    Plaintiffs,

v.

BARRY JOEL STONE, d/b/a
Judge Barry Joel Stone,
JOHN DOES 1-100, JANE DOE 1-100,
DOE ENTITIES 1-20,
DOE GOVERNMENTS 1-100,
DOE AGENCIES 1-100,
DOE MUNICIPALITIES 1-100, and
DOE INSTRUMENTALITIES 1-100,

    Defendants.
_____/

## ORDER DISMISSING CASE WITH PREJUDICE

**THIS CAUSE** is before the Court upon Plaintiffs' pro se Complaint [DE 1] ("Complaint") and Application to Proceed in District Court Without Prepaying Fees or Costs [DE 2] ("Application"). The Court has reviewed the Complaint and Application and is otherwise fully advised in the premises.

Before considering the Application, the Court must conduct a screening of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). The Court is required to dismiss the Complaint upon finding that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous" under

§ 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that a complaint may survive a Rule 12(b)(6) motion to dismiss only if it contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (footnote & citation omitted)); Ashcroft v. Iqbal, 555 U.S. 662, 678-79 (2009) (explaining that a court need not accept legal conclusions as true and that only well-pleaded factual allegations are entitled to an assumption of truth). Although pro se pleadings are held to a less stringent standard and construed liberally, see Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), a pro se complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

     Most of Plaintiffs' Complaint is rambling and incomprehensible, and it cites a host of legal authorities and principles that have no possible bearing on any claim here. But the crux of the Complaint is that a state-court judge refused to allow Plaintiff Anthony Williams to serve as counsel for Plaintiff Donna Hickenbottom in a civil action because Williams was not a member of the Florida Bar.  See DE 1 at 5-6.  Plaintiffs, however, offer no valid reason why the judge's decision was improper—nor could they. See The Florida Bar v. Schramek, 616 So. 2d 979, 983 (Fla. 1993) (per curiam) ("[T]his Court acts well within its constitutional authority to limit the practice of law by nonlawyers given the significant state interest in protecting the public."); see also Fla.

2

Stat. § 454.23 ("Any person not licensed or otherwise authorized to practice law in this state who practices law in this state or holds himself or herself out to the public as qualified to practice law in this state . . . commits a felony of the third degree[.]").

Even construed liberally, Plaintiffs' Complaint is frivolous, fails to state a claim, and seeks monetary relief from an immune Defendant. The Court therefore must dismiss this case. Although the court "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), the court may dismiss an action with prejudice "if a more carefully drafted complaint could not state a claim." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1213 (11th Cir. 2001) (internal quotation marks omitted). Plaintiffs' claims here are legally baseless, and no amount of re-drafting could cure that fundamental problem. The Court thus concludes that dismissal with prejudice is appropriate. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the above-styled action is hereby **DISMISSED WITH PREJUDICE**;

2. The Application to Proceed Without Prepaying Fees or Costs [DE 2] is **DENIED**; and

3. The Court will enter a separate Final Judgment consistent with this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of January, 2015.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Donna Hickenbottom, pro se
10821 Morningstar Drive
Cooper City, FL  33026

Anthony Williams, pro se
6230 3rd Street, Suite #5
Washington, DC  20011